In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor (Order No. 265).
In re **GREYHOUND LINES, INC., RECLAMATION PETITION.**

No. 70–347.

United States District Court, E. D. Pennsylvania.

May 18, 1971.

Marvin Comisky, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for Trustees, Penn Central Transportation Co.

Richard E. McDevitt, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Greyhound Lines, Inc.

## MEMORANDUM

FULLAM, District Judge.

Greyhound Lines, Inc. has filed a reclamation petition, seeking to recover a balance of $36,790.42, representing the net proceeds of bus tickets sold by the Debtor, prior to the filing of its reorganization petition on June 21, 1970, pursuant to an agency agreement between the two companies. The agreement requires the Debtor to submit monthly statements of tickets sold, and to remit monthly to Greyhound the proceeds of such sales, less Debtor's compensation thereunder. The petitioner claims that these balances represent trust funds, and are thus a proper subject for reclamation.

The crucial factor in distinguishing between a trust relationship and an ordinary debt is whether or not the recipient of the funds was entitled to use the funds as its own, and commingle the funds with its own monies. *See* Scott on Trusts, 3rd ed. § 12.2. The agency agreement in this case specifically provided that:

> "For expediency in handling accounts, it is the practice of Railroad to deposit its own funds and those received for users of its facilities in banks or depositories in its own general account; and it is agreed that the amounts collected or received hereunder may be deposited in such general account as may be Railroad's practice, without the necessity of the amounts received hereunder being separately identified or earmarked. * * *"

From this language, and the agreement as a whole, it is clear that the relationship between these parties is merely that of debtor and creditor. *See* Carlson, Inc. v. Commercial Discount Corporation, 382 F.2d 903 (10th Cir. 1967); In Matter of Lord's, Inc. (Chicago Cutter-Karcher, Inc. v. Maley), 356 F.2d 456 (7th Cir. 1966). The reclamation petition must be denied.