**KEY LINE FREIGHT, INC.,**
Defendant-Appellant,

v.

**UNITED STATES of America,**
**Plaintiff-Appellee.**

**No. 77–5167.**

United States Court of Appeals,
Sixth Circuit.

Cause Argued Nov. 28, 1977.

Decided and Filed Jan. 27, 1978.

Robert A. Sullivan, Sullivan & Leavitt, Northville, Mich., Ralph B. Matthews (for amicus) Watkins & Daniell, Paul M. Daniell, Atlanta, Ga., for defendant-appellant.

Frank S. Spies, U. S. Atty., Robert C. Greene, Asst. U. S. Atty., Grand Rapids, Mich., Peter Shannon, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS, Circuit Judge, and THORNTON, Senior District Judge.*

THORNTON, Senior District Judge.

Appellant, Key Line Freight, Inc., appeals from its conviction on each of 28 counts contained in the Information charging it with giving rebates to shippers in violation of 49 U.S.C. § 322(c). Trial by jury was waived by defendant and such waiver was consented to by the government.

The language of the statute, which the Information charges defendant violated, provides as follows:

(c) Any person, whether carrier, shipper, consignee, or broker, or any officer, employee, agent, or representative thereof, who shall knowingly offer, grant, or give, or solicit, accept, or receive any rebate, concession or discrimination in violation of any provision of this chapter, or who by means of any false statement or representation, or by the use of any false or fictitious bill, bill of lading, receipt, voucher, roll, account, claim, certificate, affidavit, deposition, lease, or bill of sale, or by any other means or device, shall knowingly and willfully assist, suffer or permit any person or persons, natural or artificial, to obtain transportation of passengers or property subject to this chapter for less than the applicable rate, fair, or charge, or who shall knowingly and willfully by any such means or otherwise

---

* The Honorable Thomas P. Thornton, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

fraudulently seek to evade or defeat regulation as in this chapter provided for motor carrier or brokers, shall be deemed guilty of a misdemeanor and upon conviction thereof be fined not less than $200 nor more than $500 for the first offense and not less than $250 nor more than $2,000 for any subsequent offense.

Each count alleges that the defendant, Key Line, on May 6, 1972 furnished a named employee of a particular shipper an expense-paid trip to the Kentucky Derby. Each shipper on a subsequent date made a shipment via defendant's service (motor vehicle) from/to a city in Michigan to/from a city in another state (except for one shipment from Muskegon, Michigan to Montreal, Canada—Count Twenty). The value of the expense-paid trip was charged by the government to constitute a rebate and offset against the lawful freight charge for that shipment.

The district judge in both his Opinion re motion to dismiss and his Omnibus Opinion sets forth the language contained in Count One as being "fairly representative of the 28 counts." It reads as follows:

On or about May 6, 1972, in the Western District of Michigan Key Line Freight, Inc. defendant, a motor common carrier of property subject to Part II of the Interstate Commerce Act (Title 49, Chapter 8 U.S.Code) did, in violation of 49 U.S.Code 322(c), knowingly and unlawfully offer, grant and give a rebate to Spee-Dee Check Out Systems, Inc., a shipper, in that said defendant furnished George J. Glupker, Jr., an employee of said shipper, with a valuable consideration in the amount of $148.90 through the device of an expense paid trip to the Kentucky Derby. This constitutes a rebate and offset against the lawful freight charge of $232.73 specified in the tariff of the defendant on file with the Interstate Commerce Commission. This freight charge was collected by the defendant from SpeeDee Check Out Systems, Inc., on or about May 18, 1972, for the transportation of crates counters N.O.I. performed by the defendant on or about May 18, 1972, by motor vehicle over the public highways from Grand Rapids, Michigan, to Bellvue, Nebraska.

The district judge found that in providing the expense-paid trip to employees of the various shippers the "Derby trip was the giving, granting or offering of a rebate, from the published and filed rates for the transportation of property by a carrier engaged in interstate commerce." The district judge also found that the Derby trip was not the result of negligence or a mistake by defendant or its employees. The rebate here determined to have been given is obviously not a direct one in the nomenclature of everyday parlance. This fact, however, was considered by the district judge not to be determinative of its true nature despite the arguments to the contrary advanced by defendant. Defendant takes the position that there was no nexus between the trip and the subsequent shipments. Defendant says there was no advantage given to the shippers whose employees received the gratuitous trip. Defendant says the trip did not constitute discrimination among the shippers. Defendant also says that the government did not prove willfulness.

In his Opinion denying defendant's motion to dismiss the district judge points out that there is a dearth of cases in the area of rebates under § 322(c) and that cases decided under 49 U.S.C. § 41 (the Elkins Act, dealing with the regulation of railroads) provide the guidelines for proper disposition of the issue here presented. In both the Opinion re motion to dismiss and in the Omnibus Opinion District Judge Fox cites cases decided under the Elkins Act, the language of which is similar to § 322(c). The argument advanced by defendant is appealing. The reason it falls short of being persuasive is rooted in the hornbook law distinction between two kinds of wrong— *malum in se* and *malum prohibitum.* By this yardstick defendant's nexus argument fails, its "advantage" argument fails and its discrimination argument loses its vitality. These arguments might more properly be made to the legislative body. And the will-

fulness that defendant insists must be proven by the government is not charged in the Information. The rebate which the statute proscribes is not dependent on nexus, not on the presence of immediate advantage and not on willfulness. It is dependent on an act done knowingly. The district judge found the acts herein charged to have been done knowingly and so proven beyond a reasonable doubt.

Based on the rationale in the well reasoned Omnibus Opinion of the district judge and based on the case law cited therein, we affirm.