**Richard P. BECKER and Margaret H. Becker, Plaintiffs,**

v.

**Blythe H. EVANS, Jr., Defendant.**

Civ. A. No. 79–667.

United States District Court,
M. D. Pennsylvania.

Sept. 27, 1979.

Richard P. Becker, pro se.

Margaret H. Becker, pro se.

John E. V. Pieski, Scranton, Pa., for defendant.

MEMORANDUM

CONABOY, District Judge.

Plaintiffs Richard P. Becker and Margaret H. Becker, his wife, brought this lawsuit against Defendant Blythe H. Evans, Jr., seeking to recover monetary damages for his alleged violation of their civil rights. Evans moved to dismiss the suit for failure to state a claim upon which relief can be granted.[1] Since we must agree with Defendant that Plaintiffs have failed to establish a claim under 42 U.S.C. § 1983, the motion to dismiss will be granted.

■ For the purpose of a motion to dismiss, the material allegations of a complaint are taken as admitted, and the complaint should not be dismissed unless it appears that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247.

The complaint is based on an alleged deprivation of the Plaintiffs' civil rights. Defendant Evans, a private attorney, represented a client who brought a lawsuit against the Beckers in the Court of Common Pleas of Luzerne County, Pennsylvania. The matter was originally set for arbitration in December of 1978. The first scheduled hearing was continued, and a second hearing was set for February 16, 1979. The Beckers failed to appear at this hearing, and a default judgment was entered against them.

The Plaintiffs claim that the Defendant, Attorney Evans, failed to notify them of the date and time of the arbitration hearing, and that as a result of this omission they were not present at the hearing, and the default was taken against them. They claim that by his failure to notify them of the hearing, he deprived them of their rights to due process and an opportunity to

---

1. Defendant filed his motion to dismiss on June 18, 1979, and filed his brief to support it within the proper time. Plaintiffs filed a motion to continue on June 27, 1979 and a Motion to Dismiss all other motions on August 7, 1979. Since these documents address the substance of the Defendant's Motion to Dismiss, we will consider them as responsive briefs, even though they do not comply with the local rules concerning the format and content of briefs, as the Plaintiffs are proceeding pro se.

be heard, in violation of 42 U.S.C. § 1983, which provides:

§ 1983 Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ In order to proceed under this Section of the Civil Rights Act the Plaintiff must establish these elements:

" . . . (1) the conduct complained of must have been done by some person acting under color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States." *Basista v. Weir*, 340 F.2d 74, 79 (3d Cir. 1965).

Plaintiff is complaining of conduct allegedly done by Defendant Evans while he was acting as a private attorney, representing a private client. Defendant Evans contends that while doing so he was not acting under color of law, and is therefore immune from suit under 42 U.S.C. § 1983. In a similar case, where private attorneys' actions performed in connection with the representation of private clients in a state court action were attacked in a Civil Rights suit brought under § 1983, the Court granted a motion to dismiss based on the same grounds as the Defendant advances here. *Kovacs v. Goodman*, 383 F.Supp. 507, 509 (E.D.Pa.1974), aff'd, 515 F.2d 507 (3d Cir. 1975). In *Kovacs*, the Court relied on the following principles:

"It is settled that 'lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law,' *Skolnick v. Martin*, 317 F.2d 855, 857 (C.A.7, 1963); that 'in private litigation, the state mere-ly furnishes the forum and has no interest one way or the other in the outcome,' *Bottone v. Lindsley*, 170 F.2d 705, 706 (C.A.10, 1948); and that although a private attorney is an 'officer of the court' he is not an official of any state, *Steward v. Meeker*, 459 F.2d 669 (C.A.3, 1972).

■ The actions that Plaintiffs complain of were performed by Defendant Evans in connection with the representation of a private client. He was not acting as an official of the state, and was therefore not acting under color of state law. We find that Plaintiffs have failed to allege one of the essential elements of their cause of action, and the Motion to Dismiss must be granted.

In their Motions to Continue and Motion to Dismiss all other motions, Plaintiffs point to 28 U.S.C. § 1343 as an alternative basis for the Court to assume jurisdiction over this action. However, their reliance on this provision is misplaced.

■ 28 U.S.C. § 1343 provides jurisdiction for actions "authorized by law." Consequently, each cause of action asserted thereunder must constitute a cause of action created by some other statutory provision. Where a cause of action is not authorized by statute, either because it is not based on a statute at all, or because the elements of the statute on which it is based have not been complied with, the result is a lack of jurisdiction under 28 U.S.C. § 1343. *Gay Lib v. University of Missouri*, 416 F.Supp. 1350, 1361 (M.D.Mo.1976); rev'd on other grounds, 558 F.2d 848 (8th Cir. 1977), cert. denied, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 789. Where jurisdiction has been invoked under 28 U.S.C. § 1343 alone, the failure to state a cause of action upon which relief can be granted, i. e. failure to base the action on one of the Civil Rights Acts, requires a dismissal for lack of jurisdiction. See *Kenosha v. Bruno*, 412 U.S. 507, 513, 93 S.Ct. 2222, 37 L.Ed.2d 109.

■ Therefore, because we have concluded that the Plaintiffs have failed to state a cause of action under 42 U.S.C. § 1983, we must reject their contention that this court

has jurisdiction over the action under 28 U.S.C. § 1343.

The Defendant's Motion to dismiss will be granted.