**In re REPRO–TECHNICS, INC., Coastal Microfilm Systems, Debtor.**

**Michael T. HERTZ, Trustee, Plaintiff,**

**v.**

**CREDIT CORPORATION, Defendant.**

**Bankruptcy No. 280–00125.**
**Adv. No. 280–0036.**

United States Bankruptcy Court,
D. Maine.

Jan. 21, 1981.

Michael T. Hertz, Fullerton, Lang, Richert & Patch, Fresno, Cal., trustee.

Bruce Coggeshall, Portland, Maine, for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this proceeding the Trustee seeks to recover $230.84 which the Defendant obtained from the Debtor under circumstances which the Trustee contends render the transaction a voidable preference within the meaning of Section 547(b) of the Bankruptcy Code. [11 U.S.C. § 547]. The Court's findings of fact are based upon testimony and exhibits presented at a hearing on the Trustee's complaint.

On January 5, 1979 Credit Corp. of Maine and the Debtor entered into a one year lease agreement for a photocopier. The Debtor agreed to pay a monthly rental of $55.21 per month, payable in advance on the first day of each month.

The Debtor failed to make the monthly payment on the first of September, October, November and December. On December 21, 1979 the Assistant Treasurer of Credit Corp., went to the Debtor's place of business and demanded payment in full or the return of the machine. After a short

discussion an agreement was worked out under which the Debtor paid Credit Corp. $300.40 and received title to the machine.

The evidence reveals that a check in the amount of $300.40 was delivered to Credit Corp. The transaction was reflected in Credit Corp.'s records as follows:

| | |
|---|---|
| Dec. 21 79 (4 pmts.) | $220.84 |
| Dec. 21 79 | 10.00 |
| Dec. 21 79 | 69.56 |
| | $300.40 |

Credit Corp.'s assistant treasurer explained that $220.84 represented four monthly payments, $10.00 represented a late charge and $69.56 represented the purchase price of the machine plus sales tax.

An invoice delivered to the Debtor at the time reflects the sale of the machine as follows:

| | |
|---|---|
| Purchase price | $66.25 |
| Maine State Sales Tax | 3.31 |
| | $69.56 |

At the time of the transaction the copier had a fair market value of at least $300. The Trustee, in fact, later sold the machine for that amount.

On March 12, 1980 the Debtor filed a voluntary petition under Chapter 7 of the Code.

The Trustee argues that the payment of $230.84 constituted a preferential transfer within the meaning of Section 547 of the Code and should be recovered by him, in his capacity as Trustee.

The Court concludes that the Trustee has failed to prove an essential element of a voidable preference.

### DISCUSSION

Section 547 of the Code, as pertinent, provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

.    .    .    .    .

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

A careful analysis of the entire transaction reveals that the transfer (payment of money) was not in fact made "for or on account of an antecedent debt." § 547(b)(2). The money was paid to enable the Debtor to obtain title to the machine. The Debtor paid $300.40 in cash and took title to equipment worth that amount.

The Trustee points out that Credit Corp.'s records indicate payment of $220.84 in arrears plus a $10.00 late charge and a sale of the machine for $69.56 including sales tax. These records were made to accommodate Credit Corp.'s internal bookkeeping forms. The true nature of the transaction was a sale of the machine for its fair value. There is no evidence that the Debtor would have paid the money unless it could have obtained title to the machine. Credit Corp., through its Assistant Treasurer, testified that it would not have parted with the machine unless it received the amount paid. "Generally speaking, it is the effect of the transaction, rather than the debtor's or creditor's intent, that is controlling." Collier, 15th Ed. ¶ 547.01.[1]

The object of the prohibition of preferences is to prevent favoritism and to assure equality of distribution. *See* Collier, 15th Ed. ¶ 547.20. There is no showing of favoritism or inequality of distribution here; nor, was the debtor's estate diminished. It paid

---

1. But, see Section 547(c)(1) where the intent of the parties is determinative.

$300.40 and obtained a machine conceded to be worth at least that amount.

An appropriate order will be entered.