**In re PENN–DIXIE STEEL CORPORATION, Debtor.**

**THUNDERBIRD MOTOR FREIGHT LINES, INC., Plaintiff,**

**v.**

**PENN–DIXIE STEEL CORPORATION, Defendant.**

**No. 81 CIV. 18(MP).**
**Bankruptcy No. 0 10472.**
**Adv. No. 80 5159A.**

United States District Court,
S. D. New York.

April 6, 1981.

Fried, Frank, Harris, Shriver & Johnson by Ilene P. Karpf, New York City, for debtor.

Gerstein, Queller & Churchill by Robert Churchill, New York City, for plaintiff.

## OPINION

MILTON POLLACK, District Judge.

This is an appeal from an order of Bankruptcy Judge Burton R. Lifland dated October 24, 1980 which denies the appellant's effort to impress a trust on receipts by the Debtor of freight charges incurred on the interstate shipment of steel through the facilities of the appellant. The Bankruptcy Judge held that the appellant was in the same position as any other unsecured creditor in respect of the Debtor's estate. In addition the Bankruptcy Judge granted the

Debtor's motion to recover $2,977.16 representing freight charges collected by the carrier, Thunderbird, from the Debtor's consignees on shipments made by the Debtor to the latter.

The findings of fact made by the Bankruptcy Judge are not shown to be clearly erroneous and based thereon the order of October 24, 1980 entered in the proceedings by the Bankruptcy Judge is affirmed substantially for the reasons expressed in the opinion of the Judge.

Penn-Dixie Steel Corporation, the Debtor, is engaged in the production of a diversified line of fabricated steel products. It filed a voluntary petition for reorganization under Chapter XI of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* on April 7, 1980.

Thunderbird Motor Freight Lines, Inc. is in the business of moving freight by truck and is a duly licensed class one common carrier whose operations are subject to the provisions of the Interstate Commerce Act, 49 U.S.C. §§ 10101 *et seq.*, which, among other things, establishes procedures for fixing shipping rates.

Prior to the filing of its petition Penn-Dixie utilized Thunderbird to transport substantial quantities of raw materials to its plant in Indiana which were shipped on a "collect" basis, and to transport finished steel products from its plant to third party consignee/customers, which were shipped on a "prepaid" basis. By custom in the trucking industry Thunderbird billed Penn-Dixie directly for freight charges after the goods were delivered. Penn-Dixie paid these charges from its general funds. Penn-Dixie billed its customers on a unitary basis (one net amount) and the customers paid this single amount directly to Penn-Dixie which amount was then deposited into its general accounts. There was no agreement or any request by Thunderbird for segregation of any portion of the funds received from third party consignees and none took place. Thunderbird opted to extend credit to Penn-Dixie and did not demand prepayment or payment before releasing the shipped goods, both protections permitted under the Interstate Commerce

Act. Applying hindsight, the credit to Penn-Dixie proved a poor choice given the unanticipated intervening insolvency proceeding. Penn-Dixie has been granted restoration of $2,977.16 freight charges collected by Thunderbird from Penn-Dixie's customer/consignee. Since the arrangements between the parties as found by the Bankruptcy Judge were that Thunderbird would look solely to the shipper for compensation of freight charges, any attempt by Thunderbird to collect directly from the Penn-Dixie consignees is improper. The delivery to Thunderbird of funds invoiced by Penn-Dixie to its consignees belonging to Penn-Dixie does not give Thunderbird a right thereto; Thunderbird has only a general creditor's right against the reorganization estate therefor and must account to Penn-Dixie for the amount collected for account of Penn-Dixie.

Accordingly with respect to Thunderbird's claim that it should be treated other than as an ordinary, general, unsecured creditor of Penn-Dixie pursuant to the business arrangement of the parties, as such it must pursue its claim in the normal course of bankruptcy proceedings. The relationship of the parties is solely that of debtor and creditor, as found by the trier of the facts, not that of an agency or trustee.

The decision of the Bankruptcy Judge rejecting the request to fasten a constructive trust and the other theories upon which Thunderbird attempts to recover full freight charges owed to it by Penn-Dixie and the direction that Thunderbird restore the $2,977.16 to Penn-Dixie are affirmed.