In re FIDELITY ELECTRIC
COMPANY, INC., Debtor.

HAMILTON BANK, Plaintiff,

v.

FIDELITY ELECTRIC COMPANY,
INC., Defendant.

Bankruptcy No. 81–03747 T.
Adv. No. 81–1300.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 19, 1982.

J. E. Lewis, Reading, Pa., for plaintiff.

Joseph H. Weiss, Philadelphia, Pa., for defendant.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This matter comes before the Court on a motion to dismiss or, in the alternative, for a more definite statement filed by a debtor in response to complaints for relief from automatic stay filed by two creditors. For reasons hereinafter given, we will deny debtor's motions.[1]

The debtor, Fidelity Electric Company (hereinafter, "Fidelity"), filed a petition under Chapter 11 of the United States Bankruptcy Code on September 14, 1981. Two of its creditors, Central Capital Corporation (hereinafter, "Central") and the Hamilton Bank (hereinafter, the "Bank") filed complaints for relief from automatic stay under 11 U.S.C. § 362(d), for adequate protection and for a determination of their security interest in the collateral on October 2, 1981. The preliminary hearing on the matter was consolidated with the final hearing on November 30, 1981. Fidelity has filed a motion to dismiss the complaints for failure to state a cause of action upon which relief can be granted or, in the alternative, for a more definite statement.

Procedurally, this case is governed by Bankruptcy Rule 712 which incorporates Rule 12 of the Federal Rules of Civil Procedure. Rule 12(b) provides for the dismissal of a case if the pleading does not state a claim upon which relief can be granted. Rule 12(e) allows an opposing party to object to a pleading which is so vague or ambiguous that a party could not reasonably be required to frame a responsive pleading. The case law on both rules provides a clear precedent to this Court in deciding on the sufficiency of the pleadings.

■ For purposes of a motion to dismiss, all material allegations in the complaint are taken as true and considered in the light most favorable to the plaintiff. A complaint will not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[2] The complaints before us plead facts which constitute the elements necessary for relief under 11 U.S.C. § 362.[3] They allege lack of adequate protection of the creditors' interest, lack of equity of the debtor, and lack of feasible reorganization prospects. If the facts upon which Central and the Bank rely are proven, they would be entitled to the relief sought in the complaints. Therefore, Fidelity's motion to dismiss for failure to state a claim upon which relief can be granted must be denied.

■ The alternative motion for a more definite statement will also be denied. A pleading in Bankruptcy Court, as any other federal pleading, is solely a notice pleading. The liberal discovery rules of federal civil procedure provide a framework for fact gathering in federal cases.

The function of a complaint under the Federal Rules of Civil Procedure, 28 U.S.C., is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved.

*Lewis v. U. S. Slicing Machine Company,* 311 F.Supp. 139, 140 (W.D.Pa.1970).

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
  (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
  (2) with respect to a stay of an act against property, if—
    (A) the debtor does not have an equity in such property; and
    (B) such property is not necessary to an effective reorganization.

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *Lake Erie Alliance for Protection of Coastal Corridor v. U. S. Army Corps of Engineers,* 486 F.Supp. 707 (W.D.Pa.1980), *Becker v. Evans,* 478 F.Supp. 729 (M.D.Pa.1979), *McNulty v. Borden, Inc.,* 474 F.Supp. 1111 (E.D.Pa.1979), *Reiff v. City of Philadelphia,* 471 F.Supp. 1262 (E.D.Pa.1979), *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

3. The full text of 11 U.S.C. § 362(d) is as follows:

It is not necessary for the plaintiff to plead evidence. The complaints before us are sufficiently clear in indicating the nature of the claim asserted to allow Fidelity to form a responsive pleading. The federal rules require no more than that degree of specificity.

For the foregoing reasons, Fidelity's motions will be denied.