In the Matter of U.S.N. CO., INC., Bankrupt.

M.E. CHECK CASHING CORP., I & A Check Cashing Corp., E.G. I. Check Cashing Corp., Madison-St. James Check Cashing Corp., 2222 Check Cashing Corp., Checkash Inc., Ltd., Cambria Check Cashing Corp., and Camden Check Cashing Corp., Plaintiffs,

v.

Herbert RUBIN, as Trustee in Bankruptcy of U.S.N. Co., Inc., Defendant.

Bankruptcy No. 77 B 130.

United States Bankruptcy Court, S.D. New York.

Sept. 6, 1983.

**676**

Herzfeld & Rubin, New York City, for bankrupt.

Fine & Stieglitz, New York City, for plaintiffs.

JOHN J. GALGAY, Bankruptcy Judge.

*Introduction:*

Plaintiffs, various check cashing corporations, failed to file proofs of claim for certain funds against the debtor, U.S.N. Co., Inc., ("U.S.N."), within the time period prescribed by section 57(n) of the Bankruptcy Act of 1898, former 11 U.S.C. § 93(n).[1] In their complaint, Plaintiffs allege that the trustee for the debtor, Herbert Rubin, ("Trustee") holds funds that would satisfy their claims in a constructive trust for plaintiffs. The Trustee has moved to dismiss the complaint on grounds that it is time barred. The motion for dismissal is granted. The court finds that the complaint fails to state a claim for a constructive trust but only indicates a breach of contract claim which is time barred and thus no longer actionable.

*Background:*

Plaintiffs are check cashing corporations incorporated in the states of New York, New Jersey, and Pennsylvania. U.S.N., formerly a seller of money orders, was adjudicated a bankrupt in January 1977. The parties do not dispute that the first creditors' meeting took place on February 22, 1977 and that plaintiffs failed to file any proofs of claim within six months of the

meeting. Bankruptcy Act section 57(n) requires proofs of claim be filed within six months of the first meeting. It is also not disputed that plaintiffs were money order sales agents of the debtor and were aware of the debtor's bankruptcy in January 1977.

In their complaint, plaintiffs allege the following facts, which are not disputed by the Trustee. From 1971 through at least 1976, plaintiffs paid premiums to Aetna Casualty & Surety Company ("Aetna") and obtained burglary, robbery, fidelity, fire and other related insurance for their check cashing locations. During 1971 or 1972, the debtor and Aetna entered into a "retrospective premium" agreement whereby Aetna would return part of the premiums paid by plaintiffs if plaintiffs' loss experience was good, while the premiums payable by plaintiffs would be increased if their loss experience was poor. The definitions of "good" and "poor" loss experience were contained in the retrospective agreement. If the loss experience was good, U.S.N. would receive the returned premiums from Aetna and refund them to the insured plaintiffs. If loss experience was poor, U.S.N. would obtain from plaintiffs the additional premiums payable.

During fiscal years 1971–1972, 1972–1973, 1973–1974, and 1974–1975, plaintiffs' loss experience was good and thus, pursuant to the agreement, Aetna refunded an aggregate sum of $13,932.76 to U.S.N. The debtor failed to pay the returned premiums to plaintiffs. On or about August 9, 1979, demand was made, on behalf of plaintiffs, upon the debtor to pay the returned premiums and the debtor refused.

Additionally, plaintiffs aver that U.S.N. was never licensed by the Insurance Department of the states of New York, New Jersey, or Pennsylvania as an insurance broker, agent, or in any other capacity which would entitle it to retain the premiums.

---

1. The Bankruptcy Act of 1898 was repealed by the Bankruptcy Reform Act of 1978. However, the former Act applies to this case which was filed prior to October 1, 1979. 11 U.S.C. § 403(a).

On the basis of these allegations, plaintiffs conclude that the debtor held the returned premiums and that trustee continues to hold the premiums as a constructive trustee for plaintiffs.

*Issue:*

The court, in the instant case, must determine whether a complaint that would support a breach of contract claim, is necessarily sufficient to support a claim of constructive trust so as to render inapplicable the statutory time limit for filing claims.

*Discussion:*

█ A claim for a constructive trust, unlike for breach of contract, is for specific identifiable property in the possession of a trustee. Such property is not considered property of the estate, and claims against it do not come within the six month statutory bar of section 57(n) of the Bankruptcy Act. *See First National Bank in Wichita v. Luther,* 217 F.2d 262, 265 (10th Cir.1954); 3 *Collier's on Bankruptcy* ¶ 57.34, at 445–46 (14th ed. 1982).

█ As in any pleading, a complaint asserting a constructive trust must set forth those facts which, if proved, would entitle the pleader to the relief sought. *See In re Fidelity Electric Co., Inc.,* 19 B.R. 531, 532 (Bkrtcy.E.D.Pa.1982). Thus, a complaint must set forth sufficient information to outline the elements of the claim or to permit the inference that these elements exist. The court may accept conclusory statements regarding the legal effect of the facts set forth by the pleader, but only if those conclusions reasonably follow from the facts alleged. *See* 5 Wright & Miller, *Federal Practice and Procedure:* Civil § 1357, at 597,602 (1983). Moreover, if the facts alleged create no more than a suspicion that plaintiffs might be able to state a cognizable claim, the court may dismiss the complaint. *See* Bankruptcy Rule of Procedure 712; Federal Rule of Civil Procedure 12(b)(6); *Hays v. Hercules Powder Co.,* 7 F.R.D. 599 (W.D.Mo.1947); 5 Wright & Miller, *Federal Practice and Procedure:* Civil § 1216 at 125 (1983). Regarding the elements of a constructive trust, there is general agreement that such a trust arises if a party "clothed with some fiduciary character" holds legal title to property which, equitably viewed, he ought not to hold because of fraud, duress, abuse of confidence, commission of wrong, or any form of unconscionable conduct. *See Empire Stevedoring Co., Ltd. v. Oceanic Adjusters, Ltd.,* 315 F.Supp. 921, 925 (S.D.N.Y.1970). A constructive trust may arise even in the absence of a fiduciary relationship if the party holding title has an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful or further retention would result in unjust enrichment, or both. *See Empire Stevedoring Co., Ltd. v. Oceanic Adjusters, Ltd.,* 315 F.Supp. at 925–26; *In re Black & Geddes, Inc.,* 16 B.R. 148, 152 (Bkrtcy.S.D. N.Y.1981).

In the instant case, plaintiffs have not pleaded any facts indicating that the debtor was clothed with a fiduciary character. Nor have the plaintiffs alleged fraud, duress, or unconscionable conduct. Further, assuming that plaintiffs are basing their claim on the debtor's "equitable duty" to convey funds, plaintiffs have failed to allege any unjust enrichment or wrongful conduct other than what may be inferred by the debtor's breach of its contractual duty. If the court allows the mere allegation of breach of contract to serve as the necessary element of inequity in a pleading asserting constructive trust, other time barred creditors will be encouraged to similarly recharacterize their claims. The court will not permit plaintiffs or any other claimant to circumvent the time limit for filing proofs by such a masquerade.

█ It is also noteworthy that plaintiffs have not alleged any facts showing the existence of specific property to which they are entitled. Where there is an agreement that one party will receive property in order to pay the debt of the transferor, the breach of the agreement by the transferee may give rise to a constructive trust, but only if there is a trust *res*—identifiable property from which the debt is to be paid. *See* Bogert, *Trusts and Trustees* § 21 at

173, 175 (2d ed. 1982). In fact, the existence of a *res* is the determinative element distinguishing a constructive trust from an ordinary contractual or debtor-creditor relationship. *See Blakey v. Brinson,* 286 U.S. 254, 263, 52 S.Ct. 516, 518, 76 L.Ed. 1089 (1932); *In re Kennedy & Cohen, Inc.,* 612 F.2d 963, 965–66 (5th Cir.), *cert. denied,* 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1980); *In re Weis Securities Inc.,* 605 F.2d 590, 597 (2d Cir.1978); *Elliott v. Bumb,* 356 F.2d 749 (9th Cir.), *cert. denied sub. nom. Schutzbank v. Elliott,* 385 U.S. 829, 87 S.Ct. 67, 17 L.Ed.2d 66 (1966); *In re Penn Central Transportation Co.,* 328 F.Supp. 1278, 1279 (E.D.Pa.1971); *In re Hurricane Elkhorn Coal Corp. II,* 19 B.R. 609 (Bkrtcy.Ky. 1982). Without a *res,* a breach such as the one alleged here by the plaintiffs, constitutes a mere failure to pay a debt, i.e., an ordinary contractual claim. *See McKee v. Paradise,* 299 U.S. 119, 122, 57 S.Ct. 124, 125, 81 L.Ed. 75 (1936); *In re Penn Central Transportation Co.,* 328 F.Supp. at 1279. Generally, if the recipient of funds is entitled to use them as his own and can commingle them with his own, no *res* is created, and no trust exists. *See In re Penn-Dixie Steel Corp.,* 6 B.R. 817, 824 (Bkrtcy.S.D.N.Y.1980), *aff'd,* 10 B.R. 878 (D.C.S.D.N.Y. 1981); *In re Penn Central Transportation Co.,* 328 F.Supp. at 1279.

The Plaintiffs here do not assert that any funds have been segregated for their account. They present no facts to suggest that U.S.N. was obligated to pay Aetna's refund to plaintiffs out of particular funds transferred by Aetna to U.S.N., or out of the product of those funds, or out of any other identifiable property rather than out of U.S.N.'s own general monies. While plaintiffs' failure to identify a *res* in their pleading does not, in itself, justify a dismissal of the constructive trust claim, it is further indication of the overall inadequacy of the complaint.

Therefore, the Court finds that plaintiffs, having failed to file their proofs of claim within the satisfactory time limit, are barred from asserting their contractual claims against the debtor. Furthermore, in light of plaintiffs' failure to allege any facts distinguishing their claims from those of an ordinary general creditor, Trustee's motion to dismiss plaintiffs' complaint for constructive trust is granted.

It is so ordered.