In re SARAH ALLEN HOME, INC., a Pennsylvania non-profit corporation, a/k/a Sarah Allen Nursing Home and Sarah Allen Home for the Aged, Bankrupt.

Lucy Hawks HAREWOOD, et al., Plaintiffs,

v.

The SARAH ALLEN HOME FOR THE AGED, INC. and Samuel M. Brodsky, Trustee in Bankruptcy, Defendants.

Bankruptcy No. 79–1805G.

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 6, 1984.

Suzanne Reilly, University of Pa. Law School, and Richard P. Weishaupt, Community Legal Services, Sylvania House, Philadelphia, Pa., for plaintiffs, Lucy Hawks Harewood, et al.

Busch & Schramm, Bala Cynwyd, Pa., for bankrupt/defendant, The Sarah Allen Home, Inc.

Charles M. Weisman, Wexler, Weisman, Forman & Shapiro, P.C., Philadelphia, Pa., for defendant/trustee, Samuel M. Brodsky.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether seventy-four (74) alleged former residents ("the plaintiffs") of the Sarah Allen Home, Inc. ("the bankrupt") are entitled to funds which the bankrupt formerly maintained in a separate safe and in a banking account entitled the "Patients' Fund Account ("the PFA"). Because there is no genuine issue of fact concerning the bankrupt's inability to use these funds for its own benefit, we conclude that title to these moneys did not vest in the trustee of the bankrupt's estate pursuant to section 70a(3) upon the filing of the bankrupt's petition under the Bankruptcy Act ("the Act") and, consequently, we will grant the plaintiffs' motion for summary judgment against the trustee.

The facts of the instant case are as follows:[1] On September 26, 1979, the Sarah Allen Home, Inc. ("the bankrupt") filed a voluntary petition in bankruptcy under the Act.[2] On February 1, 1980, the complaint was filed by the plaintiffs against the bankrupt to compel the bankrupt to account for and return the funds which the bankrupt maintained either in the safe or in the PFA on the basis, *inter alia,* that these monies were not an asset of the bankrupt's estate. On March 24, 1980, the plaintiffs filed an amended complaint joining Samuel M. Brodsky, the trustee in bankruptcy, ("the trustee"), to compel said trustee to return these funds to the plaintiffs.[3] On November 4, 1981, the plaintiffs filed and served a timely motion for summary judgment to which the trustee filed his response opposing said motion. Fed.R.Civ.P. 56 provides in pertinent part:

(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

\* \* \* \* \* \*

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposite affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.[4]

The dispositive issue in the case *sub judice* is whether the funds in question are property of the bankrupt's estate within the meaning of section 70a(3) of the Act, which provides:

§ 70. Title to Property. a. The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested· by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. While the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 403, 92 Stat. 2683 (1978).

3. The amended complaint also named three individuals (the former directors of the bankrupt) as defendants. Pursuant to the agreement of the parties, we dismissed the complaint as to those defendants on November 19, 1980.

4. Rule 756 of the Rules of Bankruptcy Procedure provides that Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. *See* Rules of Bankruptcy Procedure, Rule 756, 11 U.S.C.

a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (3) powers which he might have exercised for his own benefit, but not those which he might have exercised solely for some other person;

\* \* \* \* \* \*

In analyzing section 541(b) of the Bankruptcy Code ("the Code"), the successor provision to section 70a(3) of the Act, *Collier on Bankruptcy* states:

> Section 541(b) excludes from property of the estate any power that the debtor may exercise solely for the benefit of an entity other than himself [the debtor]. This provision is derived from former section 70a(3) of the Bankruptcy Act which provided that the trustee was vested by operation of law with the title of the bankrupt to 'powers which he [the bankrupt] might have exercised for his own benefit, but not those which he might have exercised solely for some other persons.'
>
> Pursuant to section 541(b) of the Code, property which would not have vested in the trustee under the Act will likewise not become property of the estate under the Code. The single change from the practice under the Act is the extension of section 541(b) to powers that may be exercised solely for the benefit of *an entity* other than the debtor. Under the Act, section 70a(3) excluded powers solely benefitting *other persons* but not other entities (emphasis in original).

4 Collier on Bankruptcy, ¶ 541.21 at 541–79 (15th ed. 1982).

■ The trustee contends essentially that the plaintiffs' funds are part of the bankrupt's estate because the bankrupt merely acted in the capacity of a custodian, rather than a trustee, of the plaintiffs' funds. Alternatively, the trustee maintains that the relationship between the plaintiffs and the bankrupt was nothing more than a debtor-creditor arrangement and, therefore, the monies belong to the bankrupt's estate. As to this latter position, we cite Judge Fullam

in *In re Penn Central Transportation Company,* 328 F.Supp. 1278 (1971), that "the crucial factor in distinguishing between a trust relationship and an ordinary debt is whether or not the recipient of the Funds was entitled to use the funds as its own, and commingle the funds with its own monies." 328 F.Supp. at 1279. In this regard, we note that the trustee, in his response to the plaintiffs' motion for summary judgment, contends:

> The patients, or their guardians or families, delivered money to the Home with the intent that the Home hold the funds for distribution to third parties to whom the patients might become indebted. For example, the Home was authorized to pay the pharmacy for the patient's drugs, pay the laundry for cleaning services provided to the patient and pay itself for the patient's room and board. In addition, at the patient's request, the Home made monthly disbursements to the patients themselves for their own personal expenses. *The Home had no authority or duty to manage or invest the money on the patients' behalf. Nor did the Home have authority to make independent decisions regarding expenditures other than those for which the money was earmarked.* There is no indication that the patients intended a relationship which would enable the Home to act in a capacity other than custodian of their funds. Moreover, the regulations which set forth the Home's duties with regard to patients' monies merely require the facility to "hold, safeguard and account for the patients' personal funds" upon written authorization by each patient (citation omitted). Furthermore, unlike a trustee, the Home was not permitted to charge the patients for the service of holding, safeguarding or accounting for their funds. (citations omitted) (emphasis added).

*See* trustee's response at 36, 37.

In any event, we think it is immaterial whether the funds in question are labelled a trust, a custodial arrangement, or a debt. There is no dispute that the bankrupt could

not use these monies for its own purposes. Rather, these funds represent a "power which the bankrupt could only have exercised for the benefit of other persons," namely, the plaintiffs. Consequently, since section 70a(3) of the Act expressly prohibits the vesting of title in the trustee of "powers which the bankrupt might have exercised solely for some other persons," we conclude that funds at issue are not part of the bankrupt's estate pursuant to section 70 of the Act. Therefore, we will grant the plaintiffs' motion for summary judgment.

 Moreover, while we have already determined that the funds at issue are not part of the bankrupt's estate, we note that any portion of them which may have been funded by Social Security or Veterans' Benefits would be immune from the reach of the bankruptcy laws. Section 207 of the Social Security Act provides:

§ 407. Assignment

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, *or to the operation of any bankruptcy or insolvency law* (emphasis added).

42 U.S.C. § 407.

Furthermore, section 701 of the Veterans Benefit Act provides:

§ 3101. Nonassignability and exempt status of benefits

(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, *shall be exempt from the claim of creditors,* and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after

receipt by the beneficiary . . . (empashis added).

38 U.S.C. § 3101(a).

We reach in this opinion only the issue of whether the funds were property of the bankrupt's estate. Having determined that they are not, our order will provide for their disposition by the trustee.