Delmar H. LEWIS, a minor, by Howard Lewis and Florence Lewis, his natural guardians, and Howard Lewis and Florence Lewis, in their own right, Plaintiff,

v.

U. S. SLICING MACHINE COMPANY, Inc., Defendant and Third Party Plaintiff,

v.

ISALY DAIRY COMPANY OF PENNSYLVANIA, a corporation, Third Party Defendant.

Civ. A. No. 69–676.

United States District Court,
W. D. Pennsylvania.

March 31, 1970.

Moschetta & Moschetta, Washington, Pa., for plaintiff.

Herbert Grigsby, for defendant.

Clem R. Kyle, Pittsburgh, Pa., for third party defendant.

## OPINION

GOURLEY, Senior District Judge.

This is a diversity action based on ordinary negligence, implied warranties of merchantability and fitness.

On or about June 30, 1967, the minor plaintiff is alleged to have injured himself while cleaning a meat slicer alleged to have been manufactured by the defendant. It is further stated that the minor plaintiff was employed by the Isaly Company and in the course of his employment at the time of the accident.

It is alleged that the defendant was negligent, careless and reckless in manufacturing and/or designing said meat slicer.

There is also a cause of action claimed for injuries under a breach of implied

warranty of merchantability and/or fitness for purpose.

The Court has considered and reviewed all pleadings, briefs of counsel, and reviewed the authorities cited therein. No useful purpose could be gained through oral argument since the questions presented are so thoroughly reviewed, discussed and presented in the briefs of counsel.

The matter before the Court is a Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure in which it is claimed that the Complaint does not comply or has not been drawn consistent with Rule 8(a) (2) and the forms suggested for pleadings in matters of this nature.

In other words, assuming all facts as alleged to be true, does the complaint set forth a cause of action?

Under Federal Rule of Civil Procedure 8(a) (2), it is required that all claims for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

"The courts have recognized that the function of pleading under the Federal Rules is to give fair notice of the claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of res judicata and to show the type of case brought, so it may be assigned to the proper form of trial." Moore's Federal Practice 2nd Ed., 8.13 p. 1695.

■ The function of a complaint under the Federal Rules of Civil Procedure, 28 U.S.C., is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. Shapiro v. Royal Indemnity Co., D.C.W.D. Pa.1951, 100 F.Supp. 801, 802; Continental Collieries, Inc. v. Shober, 3 Cir. 1942, 130 F.2d 631; American Ship Building Company v. Kirk, D.C.W.D.Pa. 1951, 11 F.R.D. 366.

■ I believe that it does so comply and states a cause of action under the law and decisions in the Commonwealth of Pennsylvania. A pleading in the federal jurisdiction is to be solely "notice pleading." If there are any additional facts needed, the discovery processes are available either by interrogatories or depositions. Motions for a More Definite Statement and/or Motion to Dismiss are improper.

In addition to the facts as alleged prima facie setting forth a cause of action based on ordinary negligence and breach of warranties, it well could be, a right to recover might or could be sustained on the theory of strict liability which has been extended to any person injured if a chattel is defectively designed and manufactured, and injury results to any person injured in the use thereof.

Rule 84 of the Federal Rules of Civil Procedure states that the forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate. Form 9 does not suggest what the nature of the defendant's alleged negligence may have been. It may have consisted, e. g., in driving too fast, driving while drunk, driving with bad brakes or an otherwise defective car, or keeping an inadequate lookout. Appellant's complaint in the present case is similar. Like Form 9, it pleads no evidence.

One reason that the Courts can afford to be so liberal on the matter of pleading is, of course, the broad scope which the Rules give to the various pretrial devices for discovery of facts and formulation of issues. Under the old practice the pleadings not only served the function of giving notice of the claim asserted, but they also carried the burden of formulating the issues and to a large extent of advising the adverse party of the facts involved. Now the deposition and discovery procedure under Rules 26–37 and the pretrial conference under Rule 16 afford a much more efficient method of getting at the facts than pleadings ever offered, so that the only real office which the pleadings continue to serve is

that of giving notice. Moore's Federal Practice, 2nd Ed., Vol. 2A, p. 1703.

I, therefore, conclude that the allegations in plaintiffs' causes of action are not so indefinite and unclear as to deny the defendant notice of the nature of the claim filed against it, and the plaintiffs are entitled to maintain a cause of action for breach of any implied warranty and also on the theory of strict liability against the defendant manufacturer of the meat slicer.

An appropriate Order is entered.