**MATERIAL HANDLING INDUS-
TRIES, INC.**

v.

**EATON CORPORATION.**

Civ. A. No. 74–0467–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 9, 1975.

Harry P. Anderson, Jr., Richmond, Va., for plaintiff.

R. Harvey Chappell, Jr., J. Edward Betts, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Material Handling Industries, Inc. ("Material" or "plaintiff"), a Virginia corporation with its principal place of business in Richmond, Virginia, brings this action against Eaton Corporation, an Ohio corporation, to recover damages for alleged breach of contract and asserted violations of the federal antitrust laws. Jurisdiction is conferred by 28 U.S.C. §§ 1332 and 1337. This matter comes before the Court on defendant's motion to dismiss the complaint for lack of jurisdiction, for failure to state a claim, and because the action is barred by the applicable statute of limitations.

### I.

Plaintiff has alleged the following "facts" which the Court, for purposes of disposition of this motion, accepts as factually accurate. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Plaintiff has been engaged since its inception in the business of selling new and used fork-lift trucks. Defendant Ohio corporation, with principal offices in Cleveland and Philadelphia, is primarily en-

gaged in the business of manufacturing fork-lift trucks and related accessories which move in interstate commerce. On November 15, 1968, plaintiff and defendant entered into a franchise agreement whereby defendant appointed plaintiff an "authorized retail dealer" for the sale of fork-lift trucks and related equipment manufactured by the defendant. Plaintiff had operated under two similar contracts with defendant and its corporate predecessor during the period 1962–1968. The 1968 agreement contained the following provisions which are relevant to this lawsuit. It restricted plaintiff's sales of defendant's products to customers living in designated counties in the eastern half of the state of Virginia. It required plaintiff to buy all replacement parts and accessories for fork-lift trucks exclusively from defendant. Additionally, the agreement provided that defendant could terminate the franchise arrangement upon first informing plaintiff that it was no longer in good standing and then giving it ninety days notice.

On several occasions between November 15, 1968 and November 4, 1970, defendant admonished plaintiff that the agreement prohibited it from selling defendant's products to customers who lived outside the designated eastern Virginia counties, and defendant further threatened to terminate the franchise agreement if the plaintiff continued to sell its products to customers who lived outside the designated area. When plaintiff apparently continued to sell to customers in the restricted area, defendant on the 2d of November 1970, wrote plaintiff that it was terminating the agreement effective November 4, 1970. Additionally, plaintiff has alleged "facts," unnecessary to recount in detail here, tending to show that defendant, while acting in concert with others, engaged in anti-competitive practices designed to damage plaintiff's business position in both the eastern and western halves of Virginia.

## II.

The foregoing facts give rise to three claims sounding in anti-trust and two in simple contract. First, plaintiff asserts that the territorial arrangements contained in the franchise agreement and defendant's alleged punitive enforcement of those arrangements constitute illegal territorial restrictions proscribed by § 1 of the Sherman Act, 15 U.S.C. § 1 (Count 1). Second, plaintiff contends that the contract provision requiring it to buy all fork-lift replacement parts and accessories exclusively from the defendant constitutes an unlawful tying arrangement violative of § 1 of the Sherman Act and § 3 of the Clayton Act, 15 U.S.C. § 14 (Count 2). Third, plaintiff alleges that defendant has acted in concert with certain other persons to damage its competitive position and interfere with its business relationships in violation of § 1 of the Sherman Act (Count 4). With respect to its breach of contract claims, plaintiff contends (1) that defendant breached the ninety day notice provision because it terminated the contract without first informing plaintiff that it was no longer in good standing and then providing it with ninety days notice (Count 3); and (2) alleges that defendant has incurred contractual obligations of $311,785.93 to plaintiff which it has not yet satisfied (Count 5).

## III.

Defendant now moves to dismiss the anti-trust causes of action on the following grounds: (1) that the Court lacks jurisdiction over their subject matter because the plaintiff has insufficiently alleged that the defendant's actions affected interstate commerce; (2) that they are barred by the statute of limitations; and (3) that the plaintiff has failed to state claims upon which relief can be granted. Additionally, defendant moves under Rule 12(f), F.R.Civ.P., to strike plaintiff's prayer for punitive damages. The Court shall discuss defendant's contentions *seriatim*.

## A. Anti-trust Jurisdiction

■ Defendant's contention that the Court lacks anti-trust jurisdiction over this action is without merit. Defendant manufactures the fork-lifts and accessories outside of Virginia for franchise retail within the state. Defendant's commercial activities are well within the "flow" of interstate commerce and the Court, therefore, has jurisdiction over defendant's asserted anti-competitive practices which allegedly affect and burden the flow of interstate commerce.

## B. The Statute of Limitations Issue

■ Actions under the federal anti-trust laws are governed by a four year statute of limitations. 15 U.S.C. § 15b. Plaintiff filed *pro se* its original complaint commencing this action on November 1, 1974. Under the Court's directive to file a more definite statement with respect to Counts 3, 4 and 5 of the original complaint, see Edmunds v. Eaton Corp., Civil Action No. 74–0467–R, Order (Dec. 18, 1974), plaintiff, with the assistance of counsel, filed an amended complaint amplifying and, in some instances, adding to the allegations in the original complaint. Defendant argues that if November 1, 1974 is taken as the date of filing, the four year limitations period bars this action because the alleged injuries occurred more than four years prior to the filing of the complaint. In the alternative, defendant contends that February 27, 1975, the date of filing of the amended complaint, should be taken as the date of filing of this action because the original complaint did not allege the causes of action with sufficient clarity to give defendant notice of the particular anti-trust violations that it would be required to defend against and because plaintiff, in the amended complaint, has alleged new and additional facts which are not to be found in the original complaint.

■ The Court has no difficulty concluding that the territorial restriction (Count 1) and the tying arrangement (Count 2) claims are not barred by the statute of limitations. First, plain-

tiff must be permitted the benefit of Rule 15(c), F.R.Civ.P., which allows matter continued in amended pleadings to relate back to the date of the original pleading "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or *attempted to be set forth* in the original pleading." (emphasis supplied). Plaintiff's original pleading was drawn without the assistance of counsel and like the great majority of *pro se* complaints, it does not track with technical precision the pleading requirements for anti-trust causes of action. Nevertheless, the complaint gave defendant adequate notice that the plaintiff wished to litigate the validity of certain territorial restrictions and tying arrangements contained in its franchise agreement with the defendant. Because the territorial restriction and tying arrangement causes of action are in substance the same causes of action as were set forth in the original complaint, plaintiff is entitled to have the filing date relate back to the date of filing the original complaint. Rule 15(c), F.R.Civ.P. Furthermore, since these allegedly illegal territorial restrictions and tying arrangements were contained in a contract which was not terminated until November 4, 1970, an anti-trust action filed November 1, 1974, seeking to litigate the validity of the territorial restrictions and tying arrangements would not be barred by the four year statute of limitations.

■ The Court, however, takes a different view of plaintiff's anti-trust conspiracy claim based on § 1 of the Sherman Act (Count 4). Even when the original complaint is given the benefit of liberal construction, the Court can nowhere find in it a hint that plaintiff was complaining, or even attempting to complain, of an anti-trust conspiracy involving defendant. Plaintiff should not, therefore, have the benefit of Rule 15(c)'s relation back provision because relation back, in this instance, would prejudice defendant by depriving it of the protection of the statute of limita-

tions with respect to the conspiracy count. Accordingly, the Court shall dismiss plaintiff's conspiracy claim insofar as it seeks redress for anti-trust injuries which occurred prior to January 27, 1971.

## C. Failure to State a Claim

Defendant makes various objections to plaintiff's technical proficiency in pleading the elements of anti-trust causes of action and suggests that plaintiff's pleading shortcomings should be punished by dismissal of his three anti-trust causes of action for failure to state a claim upon which relief may be granted. For example, it contends that plaintiff's tying cause of action under § 1 of the Sherman Act should be dismissed because plaintiff did not allege sufficient economic power in the tying product to restrain commerce in the tied product.

■■ Defendant's objections to plaintiff's manner of stating its three anti-trust claims represent an overly technical approach to the notice theory pleading of the Federal Rules. The complaint when construed liberally, as indeed this Court is required to do, Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Jenkins v. Mc-Keithen, supra, 395 U.S. at 421, 89 S.Ct. 1843 (1969), gives plaintiff sufficient notice that it is complaining of territorial restrictions, tying arrangements, and an alleged anti-trust conspiracy. Plaintiff is not required, as defendant appears to contend, to set out all the facts upon which it bases its claims. All it need do is provide defendant with a "short and plain statement of the claim." Rule 8(a)(2), F.R.Civ.P. If defendant wishes to probe more deeply the basis of plaintiff's claims, it may avail itself of the liberal discovery procedures provided by the federal rules. To require plaintiffs to allege more than this plaintiff has already done, or else face dismissal for failure to state a claim, would turn the complaint into another discovery mechanism and thereby vitiate the notice pleading theory of the federal rules. Furthermore, the Court balks at

making the complaint a trap for the unwary. With Mr. Justice Black, the Court "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept[s] the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, supra, 355 U.S. at 48, 78 S.Ct. at 103.

■■ In order to secure dismissal of plaintiff's anti-trust causes of action for failure to state a claim, the defendant must convince the Court beyond a doubt that plaintiff can prove no set of facts in support of its claims. Id. 355 U.S. at 45–46, 78 S.Ct. 99. The Court concludes that defendant has not satisfied this heavy burden. Defendant's objections to plaintiff's alleged pleading deficiencies go to the question of proof rather than to the adequacy of the pleadings and would be more properly raised in a motion for summary judgment after discovery has taken place, or at trial.

## D. Defendant's Motion to Strike Plaintiff's Prayer for Punitive Damages

■■ Plaintiff prays for treble damages to redress its alleged anti-trust injuries and punitive damages to punish defendant, apparently, for the alleged aggravated manner in which it terminated the franchise arrangement. Defendant moves, pursuant to Rule 12(f), to strike plaintiff's prayer for punitive damages in the contract action on the ground that Virginia law precludes punitive damages in a contract action. It is indeed the general rule that punitive damages will not be awarded in an action for breach of contract. Virginia, however, approves the award of punitive damages in a contract action when the breach is occasioned by conduct of an aggravated manner or accompanied by malice, bad faith, or reckless disregard for the rights of others. See Wright v. Everett, 197 Va. 608, 615, 90 S.E.2d 855, 860 (1956). Since plaintiff has alleged that defendant maliciously and in bad faith terminated the franchise agree-

ment to further anti-competitive and unlawful objectives, the Court concludes that plaintiff has alleged the requisite aggravated conduct which, if proved, would entitle plaintiff to punitive damages and will, consequently, deny defendant's motion to strike.

It may well be that the plaintiff, if it proves its case, should not be entitled to both anti-trust treble damages and contract punitive damages. Since the Court is not now faced with that problem, it finds no need to make a premature expression on the question.

An appropriate order shall enter.