In re Russell E. BLEWETT and J. Susan Blewett, Debtors.

FIRST CITY BANK, Appellant,

v.

Russell E. BLEWETT and J. Susan Blewett, Appellees.

BAP No. CC–81–1030HGK.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted June 1, 1981.

Decided Aug. 31, 1981.

Richard C. Robbins, Tremaine, Shenk, Stroud & Robbins, Los Angeles, Cal., for appellant.

Richard M. Moneymaker, Moneymaker & Morrison, Los Angeles, Cal., for appellees.

## OPINION

Before HUGHES, GEORGE and KATZ, Bankruptcy Judges.

HUGHES, Bankruptcy Judge:

Appellant First City Bank timely filed a complaint against Mr. and Mrs. Blewett, joint debtors under Chapter 7 of the Bankruptcy Code. Appellees moved to dismiss for failure to state a cause of action. At the hearing on this motion, appellant orally moved for leave to amend the complaint. Leave to amend was denied and the complaint was ordered dismissed. We reverse.

I

The title of the complaint as filed was "Complaint Specifying Objection to Discharge and for Money Due" followed by "11 U.S.C. 523(a)(2)." Dischargeability of a particular debt is governed by that code section; objections to discharge by 11 U.S.C. § 727.

The complaint itself stated the elements of a cause of action under § 523(a)(2) in alleging that money owed by the debtors was obtained by use of a false financial statement. The prayer, although speaking of objection to discharge, sought a money judgment. This is compatible with dischargeability under § 523 but not with denial of discharge under § 727.

The proposed amendments would change "objection" to "exception" in the title, make the same change twice in the body of the pleading, and change the second prayer from "the Court deny debtor's discharge pursuant to 11 U.S.C. 583 (sic)" to "The Court except from debtors' discharge pursuant to 11 U.S.C. 523."

II

Dismissal of the complaint for failure to state a cause of action was erroneous, even in the absence of the motion for leave to amend.

The premise of the motion to dismiss was that appellant sought to deny appellee's discharge pursuant to 11 U.S.C. § 727 and that use of a false financial statement is not an enumerated ground for such relief. That premise, however, was based on nothing more than appellant's use of terms such as "objection to discharge" instead of "exception from discharge." On the other hand, the complaint stated—somewhat clumsily, to be sure—a cause of action under 11 U.S.C. § 523(a)(2) to except appellant's debt from discharge.

■ Bankruptcy Rule 708 makes Rule 8 of the Federal Rules of Civil Procedure applicable in adversary proceedings. Rule 8(f) states that, "All pleadings shall be so construed as to do substantial justice." The purpose of this rule is to facilitate a deci-

sion on the merits, *Conley v. Gibson*, (1957) 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, and to give notice to the adversary of the nature or basis of the claim brought against him and the general type of litigation involved. *Lewis v. U. S. Slicing Mach. Co.*, 311 F.Supp. 139, (D.C.Pa.1970), *Lobianco v. Valley Forge Military Academy*, 224 F.Supp. 395, (D.C.Pa.1963), affirmed 331 F.2d 851 (3d Cir. 1964).

■ The complaint in this case, although containing errors in terminology, gave the debtor adequate notice of the nature and basis of the claim and the type of litigation to be expected.

■ A pleading, according to the liberal concepts of Rule 8, is to be judged by its substance rather than by its form or label. 5 *Wright & Miller*, Federal Practice and Procedure, § 1286, p. 383. As stated in *Voytko v. Ramada Inn of Atlantic City*, 445 F.Supp. 315, (D.C.N.J.1978), at 325:

"It would be improper to dismiss a claim which raises a cognizable cause of action where that claim is merely mislabeled, in view of the command of F.R.C.P. 8(f) that, '[a]ll pleadings shall be so construed as to do substantial justice'."

Thus, even if appellant had not sought to correct the mislabeling of its complaint, the order of dismissal was erroneous.

### III

■ The bankruptcy judge also abused his discretion in denying appellant's motion to amend its complaint. "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . ." Fed.Rule Civ.Proc. 15(a). No answer had been filed and a motion to dismiss is not a responsive pleading. *Nolen v. Fitzharris*, 450 F.2d 958 (9th Cir. 1971); *Richardson v. U. S.*, 336 F.2d 265 (9th Cir. 1964).

The trial court apparently was persuaded by the argument that the proposed amendments would have changed the cause of action from an objection to discharge under 11 U.S.C. § 727 to a determination of the dischargeability of a particular debt under 11 U.S.C. § 523(a)(2). Appellees argue that because the amendment was proposed after the bar date fixed pursuant to Bankruptcy Rule 409(a)(2), it represented an untimely new cause of action.

The argument is without merit. Fed. Rule of Civil Procedure 15(c) provides that whenever a "claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the original pleading." Appellant set forth (or attempted to set forth) a claim based on a transaction involving a false financial statement. The operative facts being unchanged, the amended complaint will be deemed filed as of the date of the original complaint.

■ Reversal of a trial court's refusal to grant leave to amend is available only if abuse of discretion is found. *Komie v. Buehler Corp.*, 449 F.2d 644 (9th Cir. 1971). The trial court must exercise its discretion, however, and failure to provide a statement of reasons justifying the denial where reasons are not otherwise readily apparent constitutes an abuse of discretion. *Hurn v. Retirement Fund Trust of Plumbing, etc.*, 648 F.2d 1252 at 1254 (9th Cir. 1981).

There being no justification in the record, the trial court's denial of the motion for leave to amend constituted an abuse of discretion.

### IV

The orders dismissing the bank's complaint for failure to state a cause of action and denying leave to amend are reversed.