**In re Billie Eugene McMILLAN and Janette Darline McMillan, dba McMillan's Supermarket, Bankrupts.**

**Ray RIEHLE, Trustee in Bankruptcy, Plaintiff,**

v.

**Billie Eugene McMILLAN, Clemmie McMillan, and Millie F. McMillan, Defendants.**

**Bankruptcy Nos. 79–3114–P, 79–3115–P.**

United States Bankruptcy Court, E. D. California.

Jan. 20, 1982.

Ray Riehle, trustee in bankruptcy.

James L. Stevens, Jr., Law Offices of Rogers & Stevens, Sacramento, Cal., for plaintiff.

Linda S. Peterson, Law Offices of Hefner, Stark & Marois, Sacramento, Cal., for defendants.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

CLEMMIE McMILLAN, MILLIE McMILLAN, and BILLIE McMILLAN, the defendants in this adversary bankruptcy action, filed a motion for partial summary judgment on October 8, 1981. This motion was brought in response to a complaint captioned, "Complaint to Invalidate a Preference", filed by Ray Riehle, the Trustee in the bankruptcy proceedings of BILLIE McMILLAN, the son of the defendants, and his wife, JANETTE McMILLAN. The motion for partial summary judgment was filed after the defendants had filed their answer on September 21, 1981.

The relevant facts underlying the pending motion are concise. The bankrupts, BILLIE McMILLAN and JANETTE McMILLAN, executed a promissory note to CLEMMIE McMILLAN and MILLIE McMILLAN to evidence an indebtedness in the amount of $80,405.52. The bankrupts also executed a deed of trust on a piece of real property located in Plumas County known as the McMillan Supermarket, to secure the note. The deed of trust was recorded in the Plumas County Recorder's office on October 10, 1978. The bankrupts executed a second deed of trust on the McMillan Supermarket on March 4, 1979. Then, on June 22, 1979, BILLIE McMILLAN and JANETTE McMILLAN filed separate voluntary petitions for relief under Chapter VII of the Bankruptcy Act. Plaintiff has alleged in his complaint that at the time these two deeds of trust were executed, the bankrupts were insolvent within the meaning of the Bankruptcy Act.

The plaintiff's complaint is necessarily the focal point of this pending motion for partial summary judgment. The plaintiff's complaint is captioned, "Complaint to Invalidate a Preference", a caption which suggests that the complaint contains a cause of action to invalidate a preference and nothing more. Also, the second paragraph of the complaint, which invokes the jurisdiction of the Bankruptcy Court, states, "This Court has jurisdiction pursuant to the provisions of § 23b and 60b of the Bankruptcy Act, 11 U.S.C. § 46b and § 96b." Nowhere in the complaint are the provisions of section 67 of the Bankruptcy Act invoked. A thorough reading of the plaintiff's complaint discloses that only in paragraph 4 is there even an allusion to a fraudulent conveyance. Nevertheless, plaintiff contends that the language of the complaint should be liberally interpreted so as to state a cause of action to set aside a fraudulent conveyance.

The language of paragraph 4 of the plaintiff's complaint is, "At the time of transfer, the bankrupt was insolvent with in [sic] the meaning of the Bankruptcy Act in that the

fair market value of his property, exclusive of the property which he may have conveyed, transferred, concealed or removed the intent [sic] to hinder, delay or defraud his creditors, was not at a fair market value sufficient in amount to pay his debts." This language was evidently included within the plaintiff's complaint to satisfy the requirements of section 60(b) of the Bankruptcy Act.

Even when this Court liberally construes the language of the plaintiff's complaint so as to do substantial justice, as it is required to do by Federal Rule of Civil Procedure 8 and the case of *First City Bank v. Blewett*, 14 B.R. 840 (9th Cir.), it is clear that the substance of the complaint is and was intended to be a cause of action to invalidate a preference. To construe this complaint so as to state a cause of action to set aside a fraudulent conveyance pursuant to section 67 of the Bankruptcy Act would be to rewrite the plaintiff's complaint. Furthermore, at no time either before the filing of the defendants' motion for partial summary judgment or thereafter has the plaintiff sought leave to amend his complaint so as to add additional causes of action or to otherwise change his complaint. After a thorough perusal of the language of the complaint and its caption, it is evident that there is only one cause of action stated and that cause of action is one to invalidate a preference pursuant to section 60 of the Bankruptcy Act.

Under Bankruptcy Act, section 60(a)(1), "a preference is a transfer, as defined in this Act, of any property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act . . . ." In the instant case, the first deed of trust in question was recorded on October 10, 1978, a period of 255 days, or approximately eight and one-half months prior to June 22, 1979, the date that the bankrupts filed their petitions in bankruptcy. Assuming that all the allegations of the complaint are true for purposes of this motion for summary judgment, the cause of action to set aside a preferential transfer pursuant to Bankruptcy Act, section 60, must fail because the October 10, 1978, transfer was not made within the four-month period preceding the filing of the bankrupts' petitions in bankruptcy. The March 4, 1979, transfer, on the other hand, was made during the four-month period preceding the filing of the petitions in bankruptcy and thus it was not the subject of the defendants' motion for partial summary judgment.

For the above stated reasons the defendants' motion for partial summary judgment as to the deed of trust recorded October 10, 1978, is granted, and counsel for defendants will prepare and submit an appropriate order consistent with this opinion.