**In re John Edward KELLEY, a/k/a John Edward Kelly, Debtor.**

**FRAMINGHAM UAW CREDIT UNION, Plaintiff,**

v.

**John Edward KELLEY, Defendant.**

**Bankruptcy No. 84–00517–R.
Adv. No. 84–0243–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Jan. 9, 1985.

John A. Dezio, Charlottesville, Va., for plaintiff.

William H. Bass, III, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the motion of the plaintiff, Framingham UAW Credit Union ("Framingham"), to amend its complaint and upon the motion of the defendant, John Edward Kelley ("Kelley"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon the filing of appropriate responses to the respective motions before the Court, a hearing was held on October 23, 1984 at which time the Court heard argument of counsel. At the conclusion of the hearing the Court took the matter under advisement. After consideration of the issues contained herein, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

An adversary proceeding was initiated in the debtor's case on July 16, 1984 entitled "Complaint Objecting to Discharge." The plaintiff in that suit, Framingham, sought relief in the form of a denial of the debtor's discharge pursuant to 11 U.S.C. § 727. The defendant debtor, Kelley, filed an answer to the complaint on July 25, 1984 admitting some of the facts contained in the complaint and denying others.

The fact situation arises out of a loan which the parties agree was made by Framingham to Kelley in 1983. Kelley obtained the loan for the purpose of purchasing an automobile and making improvements to his home located in West Point, Virginia. Kelley admits in his answer to the complaint that he agreed to repay the principal amount of the loan under the terms of a promissory note which he intended to execute at the time of the loan. The principal balance was $3,000. Beyond this point, however, the parties do not agree as to the facts.

The principal contention of the plaintiff is that Kelley agreed to enter into a security agreement and disclosure statement with the plaintiff in addition to the promis-

sory note, thus pledging as collateral for this loan the automobile Kelley had intended to purchase, *i.e.*, a 1977 Chrysler New Yorker Brougham, and to file a certificate of title showing Framingham's lien. In his answer, Kelley denies that the plaintiff's loan was part of an agreement in which Kelley would grant a security interest in an automobile. Framingham further complains that in reliance on Kelley's agreement to execute the promissory note, security agreement, disclosure statement and an acknowledgment of lien filing, the plaintiff issued two checks totaling $3,000 representing the principal amount borrowed on the loan and mailed the checks along with the documents to Kelley in accordance with the agreement. Framingham contends that the defendant cashed the checks without executing the accompanying documents with the intent to defraud the plaintiff. Framingham's complaint then seeks a denial of the debtor's discharge alleging injury as a direct and proximate result of Kelley's alleged fraud and deceit. Kelley's answer to the complaint denies all of these allegations.

The Court currently has before it two motions relating to the complaint and answer just described—a motion for leave to amend and a motion for summary judgment. The plaintiff, Framingham, filed a motion for leave to amend its complaint on September 19, 1984, requesting that it be granted leave to amend the title of its complaint from "Complaint Objecting to Discharge" to "Complaint Excepting to Dischargeability of a Debt" and changing the statutory reference in Paragraph 3 of the complaint from "11 U.S.C. Sec. 727" to "11 U.S.C. Sec. 523(a)(2)(A)," as well as conforming the rest of the amended complaint with the new statutory basis for relief. The Court was advised at the pretrial conference that the basis for the error was out-of-state counsel's failure to follow the correct form complaint, and that the intent of counsel was to file a dischargeability complaint. The defendant filed his "reply" to the motion for leave to amend the complaint requesting denial of the motion for leave to amend on the basis of lack

of jurisdiction and because the proposed amendment would frustrate the purposes of the Bankruptcy Act. On October 22, 1984, Kelley filed a supplemental response to Framingham's motion for leave to amend contending that the motion should be denied on the basis that the plaintiff failed to tender a copy of the amended complaint with the motion. The proposed amended complaint was filed October 19, 1984.

The defendant, Kelley, filed a motion for summary judgment and brief in support of the motion on September 19, 1984, requesting that he be granted judgment on grounds that the plaintiff's original complaint failed to make the proper jurisdictional allegation so as to give this Court subject matter jurisdiction, and that the complaint failed to state a claim upon which relief may be granted. The plaintiff filed its "reply" to the motion for summary judgment on September 27, 1984, requesting denial of the defendant's motion on the basis that if leave to amend were to be granted by the Court, the plaintiff could cure the defects complained of in the original complaint.

The issues having been properly joined, the matter is now ripe for decision. The Court by its own motion and deeming it proper to do so, will consider each motion separately beginning with the plaintiff's motion for leave to amend.

## CONCLUSION OF LAW

### I.

Any discussion of a motion for leave to amend a pleading must begin with consideration of Rule 15 of the Federal Rules of Civil Procedure. Rule 15 is made applicable to this proceeding by Bankruptcy Rule 7015. Rule 15(a) states in pertinent part that:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar,

he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). In this case Framingham has lost its privilege to amend its complaint once as a matter of course due to the fact that an answer had been filed to the complaint by the defendant. Thus, Framingham may only amend by leave of court inasmuch as written consent of Kelley has not been forthcoming. This Court will grant leave where justice so requires. Fed.R.Civ.P. 15(a).

Cases construing Rule 15(a) have fleshed out what it means to grant leave freely where justice so requires. In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182, 83 S.Ct. at 230 (1962). In this case the Court finds that the plaintiff Framingham alleged a fact situation which would make out a claim cognizable under 11 U.S.C. § 523(a)(2)(A), but due to a mistake of out-of-state counsel in following the wrong form, local counsel for the plaintiff filed a complaint alleging a § 523 fact situation pleaded under 11 U.S.C. § 727. Thus, the plaintiff's statutory allegations did not coincide with a cognizable claim under the facts alleged. The sole change sought by the plaintiff in its leave to amend is to change the statutory allegations to comport with the facts as alleged in the original complaint.

 Whether or not leave to amend is granted is entirely within the discretion of the court. See *Foman v. Davis*, 371 U.S. at 181, 83 S.Ct. at 229. With respect to the guidelines set down by the Supreme Court in the *Foman* case, this Court finds nothing in the record which would give this Court cause to deny the leave sought. Although some delay will always occur when leave to amend a complaint is sought, the plaintiff did not delay unduly in bringing its error to the attention of the Court or the defendant by motion for leave to amend. The motion was filed prior to the pretrial conference. Further, the defendant has not alleged any bad faith or dilatory motive on the part of the plaintiff in seeking leave to amend and the Court cannot impute such on the basis of the record in this case. Moreover, this is not a situation where the plaintiff has previously been allowed leave to amend and repeatedly failed to cure the deficiencies in the complaint nor can it be said that the amendment, should leave be granted, would be futile.

The defendant does, however, allege that should the amendment be allowed, Kelley would be unduly prejudiced. This contention is based on the fact that the original complaint filed on July 16, 1984 was filed on the last date for filing complaints for the determination of dischargeability of debts under § 523. Kelley contends that inasmuch as a complaint ostensibly objecting to discharge pursuant to 11 U.S.C. § 727 was filed on July 16, and not a complaint objecting to the dischargeability of a particular debt, the allowance of leave to amend in this case would be a retroactive extension of time if the Court should find that the amendment relates back to the date of filing the original complaint.[1]

---

1. Rule 15(c) of the Federal Rules of Civil Procedure states in pertinent part that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment

The defendant complains that should this Court allow leave to amend in this case it will have allowed the plaintiff to circumvent Bankruptcy Rule 4007 which provides that the Court may "for cause" extend the time for filing complaints to the dischargeability of debts as long as the motion is made before the time has expired. The last day for making a motion to extend the time for filing a § 523 complaint pursuant to Bankruptcy Rule 4007 was on July 16, 1984. Thus, the argument is that if this Court grants leave to amend, it will be doing indirectly what it cannot do directly under Rule 4007. This Court would find this argument more persuasive if no complaint whatsoever had been filed by July 16, 1984. However, the plaintiff did file a complaint and this Court finds that the facts as alleged in that complaint could state a proper cause of action under § 523 if the statutory allegations were made to conform to the facts alleged in the original complaint. Allowing the plaintiff to amend its complaint would not unduly prejudice the defendant inasmuch as the factual basis for the claim is identical in substance to the original complaint. Cases have held in this district that leave to amend should be freely granted, and that the amended complaint should relate back to the initial time of filing, if the Court can find that the complaint gave the defendant "adequate notice" of the claim which the plaintiff attempted to set forth in the original pleading. See *Material Handling Industries, Inc. v. Eaton Corporation,* 391 F.Supp. 977, 980 (E.D.Va.1975).

The Court finds that the original complaint gives the defendant adequate notice of the claim attempted to be set forth in that pleading. The claim asserted in the amended complaint filed October 19, 1984 arose precisely out of the same conduct, transaction, or occurrence as set out in the original complaint. Thus, the Court cannot find that Kelley would be unduly prejudiced by the granting of the motion for leave to amend, and accordingly concludes that Framingham's motion for leave to amend its complaint should be granted and that the amendment should relate back to the date of filing the original complaint on July 16, 1984 and is, therefore, timely filed.

In accord with this Court's decision granting leave to amend in this case are the cases of *In re Blewett,* 14 B.R. 840 (Bankr. 9th Cir.1981) and *In re Englund,* 20 B.R. 957 (Bankr.E.D.Mich.1982). In *Blewett,* the title of the original complaint filed in that case referred to 11 U.S.C. § 523(a)(2) and the complaint itself stated a cause of action under that section. However, the prayer clause sought a denial of discharge pursuant to 11 U.S.C. § 727. In granting the plaintiff's motion for leave to amend its complaint, the court stated that "[t]he complaint in this case, although containing errors in terminology, gave the debtor adequate notice of the nature and basis of the claim and the type of litigation to be expected." *Blewett,* 14 B.R. at 842. In addition, the court went on to say that pleadings under the Federal Rules are to be judged by their content or substance rather than by mere form or label. *Id.* (citing 5 *Wright & Miller,* Federal Practice and Procedure, § 1286, p. 383). The court went on to conclude that the amended complaint would relate back to the date of filing the original pleading and, thus, would not be an untimely new cause of action. *Blewett,* 14 B.R. at 842. Likewise, in *In re Englund,* the court held that an amended complaint stating a dischargeability cause of action pursuant to § 523 would relate back to the time of filing the original complaint where the conduct of the debtor forming the basis for the amended complaint was identifiable within the allegations of the original complaint and, as such, would not be time-barred. The court in *Englund* accordingly denied the defendant's motion to dismiss the amended complaint. *In re Englund,* 20 B.R. at 960.

The final argument of the defendant with respect to the plaintiff's motion for leave to amend is that leave should not be granted because a copy of the amended complaint was not attached to the motion

relates back to the date of the original pleading."

for leave to amend and distributed to the Court and defendant's counsel. The amended complaint was filed on October 19, 1984, while the motion for leave to amend was earlier filed on September 19, 1984. The defendant cites *Williams v. Wilkerson*, 90 F.R.D. 168 (E.D.Va.1981), for the proposition that the plaintiff's motion for leave to amend in this case should be denied. In *Williams,* the district court adopted as a general rule of practice the requirement that a copy of the proposed amended pleading be attached to the motion for leave to amend. Should the plaintiff fail in this regard, the district court decided that the motion for leave to amend would be denied without prejudice. *Id.* at 170.

■ This Court adopts a similar rule finding that the purpose of the rule is to provide for the Court and the opposing party a copy of what the movant seeks to assert by way of amendment and to determine, at least for the Court's purposes, whether or not leave to amend should be granted and whether or not the amended complaint should relate back to the date of the filing of the original complaint. However, it is within the discretion of the Court to accept a subsequently filed copy of the proposed amended complaint in lieu of dismissal where the proposed pleading has been filed prior to the Court's consideration of the motion, the dismissal would serve no purpose and the defendant had actual knowledge of the proposed amendments and received a copy of the proposed amended complaint at least four days prior to the hearing on the plaintiff's motion for leave to amend. To dismiss the instant motion without prejudice would only serve to delay the ultimate prosecution of this case on the merits to the detriment of both parties. Accordingly, the Court finds that both the motion for leave to amend the complaint and the proposed amended complaint were properly before the Court at the hearing on October 23, 1984, and for the reasons heretofore stated, the plaintiff's motion for leave to amend should be granted.

## II.

The final question to be resolved is whether, irrespective of the plaintiff's ability to amend its complaint, the Court should grant the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056. The motion for summary judgment is based on two grounds: first, the complaint fails to set out this Court's jurisdiction over the subject matter; and second, the complaint fails to state a claim upon which relief may be granted.

Rule 56(b) of the Federal Rules of Civil Procedure provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Fed.R.Civ.P. 56(b).

The first ground stated in the defendant's motion for summary judgment is that the complaint fails to show that the Court has jurisdiction over the subject matter of this action. Rule 8(a) of the Federal Rules of Civil Procedure provides in pertinent part that "[a] pleading ... shall contain ... a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it ...." This Rule has been incorporated into the Bankruptcy Rules as Bankruptcy Rule 7008(a) which states that in addition to Rule 8 of the Federal Rules "[t]he allegation of jurisdiction required by Rule 8(a) shall also contain a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates ...." But it is the former requirement that the defendant contends was not met by the original complaint filed by the plaintiff. In particular, the defendant states that inasmuch as the jurisdictional allegation contains "11 U.S.C. Sec. 727" when in fact the proper Code section is 11 U.S.C. § 523, then the jurisdictional allegation is defective and a motion for summary judgment is properly allowable.

■ The Court finds that the defendant misconstrues the nature of the jurisdictional allegation. It is never necessary for the Court's jurisdiction that the plaintiff mention the section of the Bankruptcy Code upon which the plaintiff's cause of action is founded, although it may be necessary to make clear the relief sought by the complaint. A "short and plain statement of the grounds" for jurisdiction is all that Rule 8(a) requires and all that this Court requires. A specific citation to the applicable statutes which vest subject matter jurisdiction over bankruptcy matters in this Court generally is all that is necessary to establish subject matter jurisdiction and satisfy Rule 8(a), and therefore, an error in a gratuitous citation properly belonging in the prayer clause of the complaint will not defeat jurisdiction. The defendant's argument goes more towards a showing of failure to state a claim on which relief may be granted than to jurisdiction. Moreover, Rule 15(a) allows amendment to the entire pleading including the jurisdictional allegation. The plaintiff has corrected by amendment the alleged jurisdictional defect in the original complaint. As a result, this Court can find no merit in the defendant's claim that summary judgment is proper in these circumstances.

■ The defendant has asserted as his second ground for summary judgment that the original complaint as filed fails to state a claim upon which relief may be granted. The defendant argues that even assuming the facts as alleged in the original complaint are true, the defendant is entitled to judgment because the conduct asserted is not grounds for an objection to discharge under 11 U.S.C. § 727. However true this assertion may be, the Court finds the law to be that where "plaintiff's motion to amend the complaint and defendant's motion for summary judgment are presented together, the court may consider the latter as addressed to the complaint in the form in which it is sought to be amended." 10A *Wright, Miller & Kane*, Federal Practice and Procedure, § 2722, p. 47 (2d ed. 1983). Here, this Court has found that leave to amend should be granted and accordingly this Court should consider the motion for summary judgment as going to the merits of the amended complaint. Upon examination thereof, the Court finds that the amended complaint does state a claim upon which relief may be granted and, therefore, the motion for summary judgment must be denied on this ground.

Finally, the criteria which the federal courts must use in determining whether the granting of summary judgment is appropriate is contained in Rule 56(c) as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). In this case no affidavits were filed by either party nor have any depositions, answers to interrogatories or admissions been filed in the case. Rather, the Court must consider the defendant's motion with reference only to the pleadings filed in this matter to determine whether or not any genuine issue as to any material fact exists which would require a trial of this matter.

■ The defendant in his motion for summary judgment does not contend that there are no genuine issues as to any material facts which would require this Court as the trier of fact to conduct an evidentiary hearing. Nor have the parties entered into any stipulations of fact which could form the basis for a ruling by this Court on the merits of the case as a matter of law. Rather, the Court finds from examination of the pleadings in this matter that several factual disputes exist which are not only material, but essential to a decision on the merits in this case.

First, the original complaint and the amended complaint both contain allegations that Kelley agreed to enter into a security agreement in order to create a binding security interest in a 1977 Chrysler as col-

lateral for the $3,000 loan from the plaintiff. Whether the defendant did or did not agree to the granting of a security interest is unknown to the Court at this time. In addition, both the original and amended complaints contend that the defendant made these representations to the plaintiff with knowledge of their falsity and with the intent to induce the plaintiff to rely upon them in making the loan. This allegation is denied by the defendant in its answer to the original complaint. Thus, the Court cannot at this time make any findings whatsoever on these allegations without the benefit of a trial. Moreover, both the original and amended complaints allege that the defendant cashed the two checks issued by the plaintiff with the intent to defraud the plaintiff, the proximate result of which was that the plaintiff suffered damages in the amount of $3,157.28. These facts are disputed between the parties and have not been stipulated. Any findings relative to them would require an evidentiary hearing conducted by this Court. Therefore, this Court concludes that in the original complaint and the complaint as amended there exists genuine issues of material fact which remain to be decided by evidence produced at a hearing conducted for that purpose and, accordingly, the defendant's motion for summary judgment must be denied.

In conclusion, the defendant does not contend that it is entitled to judgment as a matter of law on the merits of the case at this juncture. Rather, the grounds contained in the motion for summary judgment pertain solely to the defects contained in the original complaint. Those defects having now been cured by the amended complaint, the defendant's motion for summary judgment should properly be denied. As previously discussed, there are several factual allegations contained in the complaint and denied by the defendant in his answer which create genuine material issues of fact which this Court must decide after the presentation of evidence. Accordingly, the Court finds that the defendant has not met its burden under Rule 56(c)

and the motion for summary judgment should be denied.

An appropriate Order will issue.