In re John D. JASPERSON, Sandra K.
Jasperson, dba Jasperson
Realty, Debtors.

Larry G. WOOD and Rose–Anne
Wood, Plaintiffs,

v.

John D. JASPERSON, individually and
dba Jasperson Realty, Defendants.

Adv. No. 89–90379–H7.
Bankruptcy No. 89–04129–H7.

United States Bankruptcy Court,
S.D. California.

July 12, 1990.

F.J. Bloomingdale, Howard Alan Kitay, La Mesa, Cal., for plaintiffs Wood.

Dennis D. Burns, El Cajon, Cal., for defendants Jasperson.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether the removal of a state court complaint for damages satisfies Bankruptcy Rule 4007(a) which requires that a complaint be filed with the court to obtain a determination of the dischargeability of a debt.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## FACTS

On March 15, 1988, Larry and Rose–Anne Wood ("Woods") initiated litigation in San Diego Superior Court against Neil S. Brown, Helen L. Brown, Jasperson Realty, Inc., Square Deal Termite Company, and DOES 1 through 10 in connection with their purchase of a residence. The Woods alleged that the house they purchased was termite infested, had numerous defects, and did not conform to the County of San Diego Building Code. Their state court complaint sought rescission, and damages for negligent and fraudulent misrepresentation, fraud, suppression of facts, failure to disclose, and negligence. The Woods

alleged that the defendants, including Jasperson Realty, Inc., the broker of the transaction, knew of the condition of the house and intentionally withheld this information from them. A first amended complaint for damages was filed on July 27, 1988. In neither complaint were John D. Jasperson, and/or Sandra K. Jasperson ("debtors") named as individual defendants.

On May 3, 1989, John and Sandra Jasperson, filed a petition pursuant to Chapter 7 of the Bankruptcy Code. The debtors' schedules indicate that they did business under the name Jasperson Realty, however, no further information is provided regarding their interest in this business. Debtors failed to list the Woods as contingent creditors on their schedules and, therefore, failed to provide timely notice of their bankruptcy to the Woods. The state court action was disclosed in the statement of affairs.

Default judgment was entered in the state court action against John D. Jasperson, individually and dba Jasperson Realty on August 3, 1989 in the sum of $48,500. The Woods' attorney, F.J. Bloomingdale, stated in his declaration filed with this court on February 27, 1990, that he was orally advised of the debtors' bankruptcy proceedings on or about August 14, 1989, and that no prior notice, either written or oral, had been provided to Woods or their counsel. However, pleadings presented in this proceeding reveal that attorney Bloomingdale and one of the plaintiffs, Rose-Anne Wood, were aware of the debtors' bankruptcy as early as August 2, 1989 when they signed an application for removal of the state court action to bankruptcy court pursuant to 28 U.S.C. § 1452. On August 14, 1989, the application for removal[1] was filed and assigned adversary proceeding case number 89–090379–H7 ("Case No. 89–090379–H7") pursuant to Bankr.R. 9027(a)(1). The attached adversary proceeding cover sheet Form BC 104 ("BC 104"), signed by attorney Bloomingdale, indicates that the purpose of the suit was to determine dischargeability pursuant to 11

U.S.C. § 523(a)(2). The reverse side of BC 104 contains the admonition that the cover sheet, and "the information contained therein neither replaces nor supplements the filing and service of pleadings or other papers as required by law."

Notice requirements for removal were satisfied. However, the Woods did not file a complaint to determine the dischargeability of debt, but instead attached a copy of the state court complaint for damages to the application for removal.

The dischargeability complaint bar date was September 5, 1989.

On January 9, 1990, the Woods unilaterally filed a document entitled complaint objecting to discharge. As stated in the Woods' Points and Authorities in Opposition to Motion to Dismiss Complaint, Woods intended this document to be an additional pleading to Adversary Proceeding No. 89–090379–H7 and was provided in order to clarify plaintiffs' position. Attorney Bloomingdale attached the adversary case number of the removed action (89–090379–H7) to the complaint. He then served the complaint on the debtors and their attorney, Dennis D. Burns ("Burns"). However, no summons was issued with the complaint. Attorney Burns advised counsel for the Woods of this defect in service. On January 11, 1990, attorney Bloomingdale filed an amended complaint objecting to discharge under the same case number (89–090379–H7), in order to issue a summons on an amended adversary proceeding.

On January 31, 1990, debtors filed a motion to dismiss the complaint and the amended complaint for failure to timely file a complaint objecting to discharge pursuant to 11 U.S.C. § 523(c) and Bankr.R. 4007(c).

## DISCUSSION

■ Bankr.R. 4007(a) states that "[a] debtor or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt." Moreover, "[a]s an adversary proceeding, a pro-

---

**1.** The application for removal only names John D. Jasperson, and fails to allege any connection between John D. Jasperson and the named defendants in the state court action.

ceeding to determine dischargeability of a debt must be commenced by a complaint rather than by a motion or application". 8 *Collier on Bankruptcy* ¶ 4007.07, at 4007-15-4007-16 (15th ed. 1989). Therefore, a complaint is the proper form of pleading under 11 U.S.C. § 523(c). 9 *Collier on Bankruptcy* ¶ 7003.05, at 7003-2 (15th ed. 1989). *Accord, In re Haupt,* 16 B.R. 118, 119 (Bankr.E.D.Pa.1981) (proper way for creditor to allege nondischargeability is to file a complaint to determine dischargeability).

■ A literal reading of Bankr.R. 4007(a) supports such a holding. The Rule states that a debtor or any creditor may file a complaint to determine dischargeability. It does not provide that a removed state court action may be filed in the alternative, to determine dischargeability. In order to satisfy Bankr.R. 4007(a), the Woods were required to file a *complaint* to determine the dischargeability of a debt.

■ The purpose of a complaint is to give notice to the adversary of the nature and basis for the claim and the type of litigation involved. *Lewis v. Slicing Machine Co.,* 311 F.Supp. 139, 140 (W.D.Pa. 1970); *see, In re Blewett,* 14 B.R. 840, 842 (9th Cir. BAP 1981). Bankr.R. 7008 and Bankr.R. 7009 enforce the concept of notice pleading in the bankruptcy courts. Bankr.R. 7008, which incorporates Fed.R. Civ.P. 8, requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, when fraud is alleged, Bankr.R. 7009, which incorporates Fed.R. Civ.P. 9, demands that the pleading specify the acts constituting fraud. Therefore, a complaint objecting to discharge pursuant to 11 U.S.C. § 523(a)(2) must "state with particularity the underlying facts and the wrong alleged so that the broad policy of the federal rules to fairly apprise parties of the complaint against them in sufficient detail to allow them to adequately answer and prepare their defense is ensured." *In re Englander,* 92 B.R. 425, 427 (9th Cir. BAP 1988) (quoting *In re Schwartzman,* 63 B.R. 348, 355 (Bankr.S.D.Ohio 1986).

If a complaint alleging fraud pursuant to 11 U.S.C. § 523(a)(2) fails to satisfy Bankr.R. 7008 and Bankr.R. 7009, an amended complaint, although untimely, may be filed to rectify the error if (1) the second pleading relates back to the initial pleading and (2) the initial pleading provides fair notice as to the nature of the suit. *Blewett,* 14 B.R. at 841-42.

Even if the application for removal was found to be sufficient to constitute a *complaint* as required by Bankr.R. 4007, as shown below, it failed to provide fair notice as to the nature of the suit to determine the dischargeability of a debt, and therefore was not properly subject to untimely amendment.

*Relation Back*

The standard for determining whether the amended complaint relates back to the original complaint is set forth in Fed.R. Civ.P. 15(c), which is incorporated in Bankr.R. 7015. The Rule states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." In *Englander,* the creditor filed a dischargeability complaint deemed insufficient by the court. 92 B.R. at 427. It merely alleged nondischargeability under the broad nondischargeability section of 11 U.S.C. § 523(a) and failed to specify a subsection or any facts. *Id.* However, an amended complaint was filed which satisfied the specificity requirement of Bankr.R. 7009. *Id.* at 426. Although the amended complaint was filed after the bar date, the court found that it related back to the timely, original complaint because "the amended complaint ... [was] sufficiently identifiable with the original claim since the clear subject of both complaints ... [was] the dischargeability of specific loans." *Id.* at 428. The basis for both pleadings arose out of the same conduct. *Id. Cf. In re Gunn,* 111 B.R. 291, 293 (9th Cir. BAP 1990) (amendment to dischargeability complaint filed after bar date related back to original complaint where both pleadings

arose out of the same transaction and occurrence and required that similar facts be proved).

*Notice*

 It is only necessary that the substance of the initial pleading, and not the form or label, provide notice to the adversary of the nature of the claim. *See Blewett*, 14 B.R. at 842. In *Blewett*, an amendment to the original complaint was allowed where the initial pleading, although improperly labeled and clumsily written, put the adversary on notice as to the purpose of the complaint. *Id.* at 842. In stating the grounds for nondischargeability as 11 U.S.C. § 523(a)(2), the complaint was incorrectly phrased as an "objection to discharge" instead of an "exception to discharge." *Id.* at 841. Regardless of the errors in terminology, the court found that the complaint satisfied the requirements of notice pleading. It gave fair warning to the debtors as to the creditor's intentions to determine the dischargeability of the debt. *Id.* at 842. "A pleading, according to the liberal concepts of Rule 8, is to be judged by its substance rather than by its form or label." *Id.* "It would be improper to dismiss a claim which raises a cognizable cause of action where that claim is merely mislabeled, in view of the command of F.R. C.P. 8(f) that, '[a]ll pleadings shall be so construed as to do substantial justice.'" *Id.* (quoting *Voytko v. Ramada Inn of Atlantic City*, 445 F.Supp. 315, 325 (D.C.N. J.1978)).

The Woods argue that the complaint objecting to discharge and the amended complaint, both filed in January of 1990, were merely amendments to the initial pleading for removal. As in *Englander*, both the removed action and the amended pleadings arise out of the same conduct, i.e., the alleged fraudulent misrepresentation of the condition of the house by employees of Jasperson Realty. Accordingly, the Woods contend that Fed.R.Civ.P. 15(c) (Bankr.R. 7015) would require a court to find that the complaints filed in January relate back to the initial pleading in order for the removed action to constitute a sufficient complaint to determine dischargeability.

Therefore, the issue before this court becomes whether the Woods' application for removal, although not in the form of a complaint as required by Bankr.R. 4007(a), is acceptable under the liberal approach of Fed.R.Civ.P. 8(f). The substance of the application for removal only provides notice of removal, and the state court complaint for damages does not attempt to raise the issue of dischargeability.

The first amended complaint for damages alleges eight separate causes of action against four named defendants, and ten DOE defendants, none of which name or identify the individual debtors. The only connection with the debtors is the naming of Jasperson Realty, Inc., a California corporation, as a defendant. Jasperson Realty is listed as a dba of the debtors in their bankruptcy case.

The first cause of action for failure to make written disclosures when transferring real property alleges that Neil S. Brown, Helen L. Brown, ("Browns") and Jasperson Realty, Inc. failed to comply with certain statutory disclosure requirements. The second cause of action for intentional misrepresentation—termite infestation—alleges that the Browns, Jasperson Realty, Inc, and Square Deal Termite Company made certain fraudulent representations regarding the real property. The third cause of action for negligent misrepresentation alleges that Square Deal lacked sufficient information to make representations about the real property. The fourth cause of action for intentional misrepresentation in the sale of real property alleges false representations by the Browns and Jasperson Realty, Inc. The fifth cause of action for negligent misrepresentation in the sale of real property alleges negligent representations by the Browns and Jasperson Realty, Inc. The sixth cause of action for suppression of fact alleges that the Browns and Jasperson Realty, Inc. failed to disclose certain facts regarding the real property. The seventh cause of action for negligence alleges that Jasperson Realty, Inc. negligently failed to conduct a reasonably competent and diligent inspection of the real property, and

negligently failed to disclose all material facts regarding the property. The eighth cause of action for rescission and restitution alleges that the Browns fraudulently induced Woods to enter into a contract.

Clearly, the complaint for damages itself fails to provide adequate notice to the debtor/defendants as to the intended nature of the suit and type of litigation involved, i.e., a determination of the dischargeability of a debt against the individual debtors. The act of removing a complaint, involving multiple defendants and non-fraud causes of action, some based solely upon state statutory law, is insufficient to put the debtors on notice as to the purpose of the complaint to seek a determination of dischargeability.

Further, the Woods' reliance on *In re Williams*, 3 B.R. 401 (Bankr.N.D.Ga.1980) is misplaced.

In *Williams*, a timely complaint to determine dischargeability was filed with the court after removal to bankruptcy court of a pending state court action to determine the dischargeability of the same debt. In the case at bar, a complaint to determine dischargeability was not filed in a timely manner, and furthermore, the removed state action pleaded fraud, and negligence, not dischargeability. Even if a complaint had not been filed in *Williams*, the removal of an action to determine dischargeability would have at the very least provided adequate notice in substance, although not in form. Bankruptcy Rule 9027(h) which states that repleading is unnecessary in a removed action unless so ordered by the court supports this position. This Rule typically contemplates that the removed action would seek the same relief in the bankruptcy court as that sought in the state court. However, the Woods' state court action sought damages for fraud, and negligence, not a determination of dischargeability of the debt.

■ The Woods also claim that the cover sheet provided fair notice as to the nature of the suit. However, as stated on the reverse side of the form, the cover sheet is not a substitute for required pleadings. Moreover, the cover sheet does not accompany the pleading and is not circulated to the parties. Therefore, the debtors did not have the opportunity to review the information provided on the form.

■ Woods' contention that notice requirements were satisfied, since "[c]ounsel for debtor knows full well that there is absolutely no other reason possible for the removal of this case ... [other than] to object to the dischargeability of th[e] debt", is without merit. There are other reasons for removal such as confirming the amount of the claim, obtaining a priority status, and subjecting litigation to a speedier forum. Regardless, the Woods claim of constructive notice is not satisfactory, even under the liberal approach espoused by Fed.R.Civ.P. 8(f).

The purpose of notice pleading is to avoid such uncertainties and errors that arise from reliance upon an expectation of the adversary's knowledge. A pleading providing reasonable notice does not rely upon constructive notice. Isolated from the related parties' knowledge of the proceedings, the substance of the removed state court action does not provide adequate notice of a claim of dischargeability. Therefore, the complaints filed in January of 1990 were the first notice of a suit to determine dischargeability. These complaints were untimely filed after the last date to file a complaint to determine the dischargeability of a debt of September 5, 1989.

■ Counsel for Woods was aware of the bankruptcy on August 2, 1989. The dischargeability complaint bar date was September 5, 1989. As counsel for the unscheduled creditors with actual knowledge of the bankruptcy, attorney Bloomingdale had the burden to inquire as to the bar date, *see, In re Dewalt*, 107 B.R. 719, 721 (9th Cir. BAP 1989), and is charged with knowledge of bankruptcy court rules and procedures.[3] Courts have recognized

---

**3.** This court takes judicial notice of the fact that attorney Bloomingdale has appeared before this court on dischargeability cases on several occasions and finds that he is a somewhat experienced bankruptcy attorney familiar with bankruptcy practice and procedure.

that Bankr.R. 4004(a) provides only a short time frame in which to file a complaint to determine dischargeability. *Gunn,* 111 B.R. at 293. Nevertheless, there was ample time for counsel to either request an extension of time to file a complaint to determine dischargeability, or file the complaint before the bar date. *See, Dewalt,* 107 B.R. at 722 (seven days is sufficient time to seek an extension of time in which to file a complaint to determine dischargeability).

## CONCLUSION

 Since the removed state court complaint for damages does not constitute a complaint to determine dischargeability, the complaint and amended complaint (filed January 9, 1990, and January 11, 1990 respectively), as the first notice of such a suit, were not filed on a timely basis and, therefore, shall be dismissed. The state court complaint, as it applies to non-debtor defendants, shall be remanded in its entirety to the Superior Court of the State of California, County of San Diego, El Cajon Judicial District. The proceeding is based upon a state law claim; is related to, but does not arise under title 11, and does not arise in a case under title 11; the action could not have been commenced in a court of the United States absent jurisdiction under 28 U.S.C. § 1334; and the action was commenced and can be timely adjudicated against the non-debtor defendants in the state forum.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for debtors is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.